UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PETER A. NEDD, *pro se*,

                Plaintiff,

        -against-

QUEENS HOSPITAL CENTER and
ZUCKER HILLSIDE HOSPITAL,

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-cv-1141 (DLI)(LB)

**DORA L. IRIZARRY, U.S. District Judge:**

      On March 17, 2008, Plaintiff Peter A. Nedd brought this *pro se* action against two hospitals. His application to proceed *in forma pauperis* is granted, and he is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

      According to the two-page handwritten complaint, plaintiff alleges that police and EMS personnel brought him to the Queens Hospital Center on Saturday, January, 12, 2007[1] following an altercation at a mailbox and shipping store in Queens Village, New York. He alleges that Queens Hospital Center kept him overnight and then transferred him to Zucker Hillside Hospital. He cites abuse by unnamed doctors and hospital personnel:

> THEY PUT ME IN A LOCK DOWN WARD[,] BEAT ME DOWN AND GAVE [me] MORFINE [sic]. I WENT ALONG WITH THE ABUSE BECAUSE I DID NOT WANT TO BE BEAT [sic.] UP ANY MORE EVEN THOUGH I TOLD THE DOCTORS I HAVE NO HISTORY OF ANY OF THE AILMENTS THEY GAVE ME MEDICATIONS FOR.

(Compl. at 1).
He was alleged to have been held at Zucker Hillside Hospital until February 3, 2008. He does not

---

[1] The court speculates that plaintiff means to indicate Saturday, January 12, 200*8* because January 12, 2007 fell on a Friday.

indicate the basis for his commitment, whether it was voluntary or involuntary, or what procedures determined his commitment or release. He contends defendants caused him physical, emotional, and mental pain and suffering, and he seeks $50,450,000,000 in total monetary damages.

## DISCUSSION

### A. Standard of Review

In reviewing plaintiff's complaint, the court is mindful that a *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Indeed, a *pro se* complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Though a court need not act as an advocate for *pro se* litigants, in *pro se* cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998)(citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Pursuant to 28 U.S.C. § 1915(e)(3), a district court must dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). Federal subject matter jurisdiction is available only when a "federal question" is presented,

or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

### B. Civil Rights Allegations

Plaintiff's assertions of physical, emotional, and mental suffering while in the care of the two hospital defendants do not spell out an explicit violation of federal law, which is necessary for this court maintain federal subject matter jurisdiction over this case. If the deprivation of his liberty without due process of law or his mistreatment were perpetrated by individuals acting under the color of the state law, he may be able to state a claim for damages under 42 U.S.C. § 1983 ("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of *state* law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

His current complaint does not spell out a § 1983 claim. First, the complaint does not name any individual persons who had perpetrated the alleged abuse against him. *Cf. Warren v. Goord*, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007)(holding that a *pro se* prisoner is permitted to assert claim against John Doe defendant until his identity can be learned through discovery or aid of the court). The Queens Hospital Center is a public hospital, and its employees would be considered state actors. Zucker Hillside Hospital is a private entity, administered by the North Shore Long Island Jewish Health System, a private healthcare organization. Its employees may be construed to be state actors when they "are performing a function public or governmental in nature and which would have to be performed by the Government." *Kia P. v. McIntyre*, 235 F.3d 749, 757 (2d Cir. 2000).

3

Second, the complaint does not indicate how the two hospital defendants had carried out any actions against him under the color of state law. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). *See Okunieff v. Rosenberg*, 166 F.3d 507 (2d Cir. 1999)(per curium)(affirming district court's finding that involuntary commitment by a private hospital pursuant to New York State Mental Hygiene Law does not convert private conduct into state action for purposes of § 1983). Should plaintiff believe that his commitment to the hospitals was effectuated by state actors or individuals acting in concert with state actors, he must identify these individuals and the roles that they played in effecting his commitment to the facility.

The complaint does not establish subject matter jurisdiction of the court and fails to state a claim upon which relief may be granted. As such, the case may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the court will grant plaintiff leave to amend the complaint to identify the individuals whom he believes may have violated his rights and the circumstances under which they had allegedly done so.

## CONCLUSION

Liberally construing the complaint to infer a cause of action under 42 U.S.C. § 1983, the court grants plaintiff leave to amend the complaint in order to state a claim that would be cognizable under this provision. *See Cuoco*, 222 F.3d at 112; *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d at 795. The Amended Complaint must name the individuals[2] whom he believes to be responsible for the

---

[2] If plaintiff cannot identify the individuals by name at this time, he may name "John Doe" defendants and provide a physical description for each, along with his or her place of employment. Plaintiff shall be responsible for identifying and serving these defendants before the statute of limitations expires. *See Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35 (2d Cir. 1996).

4

alleged deprivation of his rights and identify how each of these individuals' actions or omissions caused the alleged deprivation. To the extent that plaintiff may believe that his liberty interests were infringed, he must indicate the basis for his initial and continuing commitment to mental health facilities.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of the *pro se* Plaintiff, instructions on how to file an Amended Complaint are attached to this Order. All further proceedings shall be stayed for thirty (30) days. If plaintiff fails to amend the complaint within thirty (30) days from the date of this Order, the action will be dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

Dated: Brooklyn, New York
      June 18, 2008

                                                      /s/
                                          DORA L. IRIZARRY
                                     United States District Judge

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF NEW YORK
PRO SE OFFICE
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

# HOW TO AMEND YOUR COMPLAINT

If you have forgotten to state an important matter in your complaint, you discover something new after you filed your complaint, you want to add a defendant, or you want to insert the true name of a "John Doe" defendant, you may be able to file an amended complaint. An amended complaint does not just add to the first complaint. Once you file an amended complaint it entirely replaces your original complaint.

Amendments to a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that:

> A party may amend the party's pleading **once** as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

This means that if the defendant has not yet filed an answer to your complaint, you can file one amended complaint without permission of the Court. If the defendant has filed a motion to dismiss but has not filed an answer, you are still entitled to file one amended complaint without permission. (You are only permitted to file <u>one</u> amended complaint before defendant files an answer; if you wish to file a second amended complaint before defendant files an answer, you must obtain defendant's consent or you must obtain permission from the Court). However, if the defendant has already filed his <u>answer</u> to your complaint, you must get <u>written</u> consent from the defendant or permission of the Court before amending your complaint. If the defendant agrees in writing that you can file an amended complaint, you must ask the judge to write "So Ordered" on the written consent, indicating that the judge has approved the consent. If the defendant does not give you written consent, you can ask permission from the Court by filing a motion to amend the complaint and including a copy of the proposed amended complaint with your motion papers. Instructions for preparing a motion are attached and are available separately.

If you file an amended complaint. It **must** be captioned as an "**Amended Complaint.**"

# FILING AND SERVING THE AMENDED COMPLAINT

## SERVICE OF THE AMENDED COMPLAINT BEFORE THE ORIGINAL COMPLAINT HAS BEEN SERVED

If you decide to amend your complaint before defendant has been served with your original complaint and summons, you should serve the amended complaint on defendant and file the original amended complaint with the Pro Se Office as follows:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. File the original of your amended complaint with the Pro Se Office.

4. If you have not added new defendants in your amended complaint, use the summons that was originally issued by the Court.

5. Have a _copy_ of the summons and a _copy_ of the amended complaint served on each defendant by someone who is over eighteen and is not a party to the action. The original summons with the seal of the court embossed on it must be returned to the Court, so do not serve the original summons on any defendant.

6. Have the person who serves the summons and amended complaint on each defendant complete an affidavit or affirmation of service of process form.

7. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

8. Attach the original affidavit or affirmation of service to the original summons.

9. File the original summons and the affidavit or affirmation of service of process with the Pro Se Office.

## SERVICE OF THE AMENDED COMPLAINT AFTER THE ORIGINAL COMPLAINT HAS BEEN SERVED ON ALL DEFENDANTS

If you decide to amend your complaint after the defendant has been properly served with your original complaint and summons (and you have not added any new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint to the attorney for each defendant by ordinary first-class mail.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and your original affidavit or affirmation of service of process with the Pro Se Office.

## DELIVERY OF THE AMENDED COMPLAINT <u>AFTER</u> THE ORIGINAL COMPLAINT HAS BEEN SERVED ON <u>SOME DEFENDANTS</u> <u>BUT NOT ON OTHERS</u>

If you decide to amend your complaint <u>after</u> some defendants have been served with your original complaint and summons but before other defendants have been served (or you have added new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint by ordinary first-class mail to each defendant who has already been served.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint and summons was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and original affidavit or affirmation of service of process with the Pro Se Office.

7. If you have not added new defendants in your amended complaint, you must serve the amended complaint on the defendant who has not yet been properly served. If you have added new defendants, the Court will issue an amended summons which must be served with the amended complaint. If you are adding defendants, you must bring this to the attention of the Pro Se Writ Clerk.

8. Have a <u>copy</u> of the amended summons and a <u>copy</u> of the amended complaint served pursuant to Rule 4 of the Federal Rules on any defendant who was not previously served with the original complaint.

9. Have the person who served the amended summons and the amended complaint to each of the new defendants complete an affidavit or affirmation of service of process form.

10. Make a copy of the affidavit or affirmation of service of process.

11. Attach the affidavit or affirmation of service of process to the amended summons.

12. File the original amended summons and the original affidavit or affirmation of service of process with the Pro Se Office.

If you have questions regarding any of the procedures listed above, please contact the Pro Se Office at 718-613-2665.

11/28/05

Tara D. Hunter-Hicks
and
Ralph Vega, Jr.
Pro Se Writ Clerks

<u>Attn</u>: Pro Se Office
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

8:30AM - 5:00PM

(718) 613-2665